Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0520 | **DATE** | 2-23-11 |
| **CASE TITLE** | Corey Pearson (#874640) vs. Larry J. Phillips, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied and the complaint is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot.

■ **[For further details see text below.]**     Docketing to mail notices.

## STATEMENT

The plaintiff, a civil detainee committed pursuant to the Sexually Violent Persons Act, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Rushville Treatment and Detention Facility, violated the plaintiff's constitutional rights by subjecting him to inhumane treatment while he was in a holding cell at a Cook County Courthouse. More specifically, the plaintiff alleges that the defendants refused to remove his handcuffs so that he could urinate, then mocked him after he wet himself.

Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a constitutional claim.

As a civil detainee, the plaintiff's situation is akin to that of a pretrial detainee, and thus the Fourteenth Amendment governs. *See Brown v. Budz*, 398 F.3d 904, 910 (7th Cir.2005). The Fourteenth Amendment requires that inmates be furnished with basic human needs. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993); *Christopher v. Buss*, 384 F.3d 879, 881-82 (7th Cir. 2004). To prevail on a Fourteenth Amendment claim, a plaintiff must show that prison officials deliberately ignored conditions of confinement that failed to meet contemporary requirements of minimal decency. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001).

**(CONTINUED)**

mjm

Substandard living conditions do not necessarily equal unconstitutional conditions. *Compare Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) ("inmates cannot expect the amenities, conveniences and services of a good hotel"), with *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (objective component met where prison conditions were "strikingly reminiscent of the Black Hole of Calcutta"). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997), *citing Farmer, supra*, 511 U.S. at 833-34. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Prison officials violate an inmate's constitutional rights in conditions of confinement cases where the alleged deprivation is "sufficiently serious" (the objective standard) and (2) the officials act with deliberate indifference (the subjective standard). *Farmer v. Brennan*, 511 U.S. 825 (1994); *Lehn v. Holmes*, 364 F.3d 862, 872 (7th Cir. 2004).

In the present case, the complaint does not allege facts satisfying the objective component of a Fourteenth Amendment claim. It is most regrettable that the plaintiff urinated on himself, and certainly the defendants deserve no commendation for the callousness they are alleged to have shown. However, the incident does not rise to the level of a constitutional violation. *See, e.g., Partee v. Cain*, No. 92 C 4838, 1999 WL 965416, *8 (N.D. Ill. Sep. 30, 1999) (Manning, J.) ("Not being allowed to use bathroom facilities when he needed to and subsequently urinating on himself was undoubtedly unpleasant and humiliating. However, this appears to be nothing more than a temporary inconvenience, which is not a violation of a constitutional right"); *Norman v. Illinois*, No. 07 C 0670, 2007 WL 3037234, *1 (S.D. Ill. Oct. 17, 2007) (no liability where inmate was refused access to a bathroom and soiled himself); *Tolbert v. Sutton*, No. 06 C 0297, 2007 WL 2219082, *1 (S.D. Ill. Jul. 27, 2007) (no liability where inmate taking medication that caused frequent urination was denied use of a bathroom and wet himself).

The court likewise in no way condones the defendants' alleged taunting remarks. However, making fun of the plaintiff for urinating on himself–though unprofessional and inexcusable–is not actionable under 42 U.S.C. § 1983. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (citations omitted); *see also Medera v. Griffin*, No. 02 C 1064, 2003 WL 132496, *10 (N.D. Ill. Jan. 14, 2003) (Leinenweber, J.) (officer could not be sued for hurling racial epithets). There is an ancient maxim, *de minimis non curat lex*, "the law cares not for trifles." *Ehrlich v. Mantzke*, No. 01 C 7449, 2002 WL 265177, *4 (N.D. Ill. Feb. 25, 2002) (Kocoras, J.). The Constitution does not concern itself with *de minimis* matters. The plaintiff's concerns fail to state a tenable claim under 42 U.S.C. § 1983.

For the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* is denied and the complaint is dismissed as frivolous on initial review. The case is terminated. Dismissal is without prejudice to pursuing any relief that may be available in state court under state tort law. Because the plaintiff is technically not a "prisoner," the provisions of the Prison Litigation Reform Act do not apply. Therefore, the court will not require monthly deductions from the plaintiff's trust fund account toward payment of the statutory filing fee.